MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. A. F. BROWN ET AL.

Decided April 3, 1907.

**Negligence—Contributory Negligence—Walking by Track.**

A boy walking by the side of a railway track along which a train was passing him, was struck by the caboose, and, falling under the wheels, lost his leg. Held:

(1) That the state of the evidence presented a case in which the danger of his position and the issue of his contributory negligence depended on questions of fact to be determined by the jury.

(2) That a requested instruction assuming that the way pursued by him was dangerous was properly refused.

(3) That it was proper to submit the issue whether the path was rendered dangerous and the injury caused by negligence in the matter of defects in the track causing the caboose to sway or lean towards the boy.

(4) That evidence showing the boy's knowledge of such defects did not necessarily show his knowledge of the danger therefrom.

(5) That the defendant in the operation of its dangerous machinery was held to greater diligence in anticipating and guarding against such result than was the injured person.

(6) That the question of contributory negligence in choosing the path near the track rather than others which were not dangerous was for the jury.

(7) That it was error to refuse a requested charge denying recovery if a person of ordinary prudence would not have walked so near the train.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed. R. Sinks.

*Page, Miley & Price,* for appellant.

*M. H. Hill* and *Fowler & Fowler,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought in the court below by A. F. Brown in his own behalf and as next friend of his minor son Ozie Brown, to recover of the Missouri, Kansas & Texas Railway Company of Texas damages for personal injuries sustained by said Ozie Brown, through the alleged negligence of said Railway Company. Upon a trial before court and jury a verdict and judgment was rendered and entered in favor of A. F. Brown in the sum of $500 and in favor of Ozie Brown in the sum of $2000. .

Appellant by its first assignment of error contends that the verdict and judgment are contrary to law and unsupported by the evidence, in that it conclusively appears from the evidence that Ozie Brown was guilty of contributory negligence in voluntarily choosing a dangerous route along Jackson Street, with full knowledge of the

approach of the train and condition of the track, when there were other routes along said street equally as accessible and convenient and known to him, which he might have taken. It was a question of fact for the determination of the jury from the evidence adduced on the trial as to whether the path traveled by Ozie Brown, and in which he was at the time he received his injuries, was dangerous, if appellant's railroad track was in good condition; and they were also questions of fact for the determination of the jury as to whether traveling in the path was dangerous on account of the defective condition of the track, and as to whether Ozie Brown knew it was dangerous to travel in the path on account of the defective condition of the track. There was a conflict in the evidence upon these issues, and it was proper for the court to submit them to the jury for its determination. In the cases of Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63, and International & G. N. Ry. Co. v. Ploeger, 16 Texas Ct. Rep., 185, the injured parties were on the railroad track, a place of obvious danger; hence the doctrine announced in those cases does not apply to the facts in this case.

The requested special charge, refusal of which is complained of in appellant's second assignment of error, assumes that the path traveled by Ozie Brown was dangerous, and that he knew it to be dangerous. Hence said special charge was properly refused by the court.

There is testimony tending to support the ground of negligence alleged in appellees' petition against appellant, which was submitted by charge of the court to the jury. While it is true there is testimony in the record tending to show that it would have been physically impossible for the car, constructed as the witnesses testify it was, to have swayed or oscillated over far enough to have struck the injured party if he was at the time outside of the limit to which the car would have extended in case the track was in good condition, still there is evidence tending to show that as a fact, it actually did so, and that the injury was thus caused. This is an illustration of what we sometimes meet with in actual life, when the unaccountable occurs. Hence we overrule appellant's third assignment of error.

Appellant's fourth assignment of error it not well taken. There is some testimony in the record tending to show that Ozie Brown knew that the condition of the track of appellant was defective at or near the point where the accident occurred; but the testimony fails to show that he knew that it was so defective as to cause the car to sway over the path so as to make it dangerous to travel in same. Appellant's argument to the effect that if Ozie Brown, knowing of the defective condition of the track, in the exercise of ordinary care did not know that it was dangerous to attempt to walk in the path, neither would the defendant, by the exercise of ordinary care have known it was dangerous to persons walking in the path to operate trains over its track, is not sound. Appellant being in the operation of a dangerous agency, and having a duty devolving upon it to keep all of its appliances in good condition, the character and nature of its business and its duty required of it a greater quantum of diligence in the exercise of ordinary care than was required of Ozie Brown under the circumstances surrounding him. Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 353.

Appellant's fifth assignment of error is overruled for reasons already stated.

Paragraph 6 of the court's charge, complained of in appellant's 6th assignment of error, was correct, in view of the pleadings and evidence. The path traveled by Ozie Brown at the time of the accident, not being obviously dangerous, it was a question of fact for the jury to determine as to whether it was negligence on his part in going that way instead of some other equally as convenient. Appellant's special charge No. 10 assumed that the path traveled by Ozie Brown was dangerous, and that he knew it to be so, hence the court below properly refused to give said special charge to the jury. Appellant's special charge No. 11 was properly refused, because knowledge of the defective condition of the track without knowing that such condition would make it dangerous to travel the path while cars were passing over the track, would not render one traveling the path guilty of contributory negligence.

Appellant's seventh assignment of error complains of the action of the court below in refusing to give to the jury its requested special charge No. 7, which is as follows: "If from the evidence you believe that at the time Ozie Brown was struck he was walking along near the side of the moving train, and that a person of ordinary care and prudence would not have walked so near the train, you will return a verdict for defendant." The answer of appellant and the evidence raised the issue presented by this special charge, and we think the court below committed reversible error in refusing to give it to the jury. If the particular issue presented by this special charge is submitted at all in the main charge of the court, it is in a very general way, and the appellant having requested it, was entitled to an affirmative and specific presentation of the issue to the jury.

For the error pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*